IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-CV-00467--DCK

| | |
|---|---|
| MARGIE HUTCHENS, CLARK HUTCHENS, <br><br> Plaintiffs, <br><br> vs. <br><br> HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; HARTFORD LIFE, INC.; THE HARTFORD FINANCIAL SERVICES GROUP, INC.; <br><br> SARA LEE CORPORATION; SARA LEE CORPORATION LONG TERM DISABILITY PLAN; SARA LEE CORPORATION EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE; <br><br> HANESBRANDS, INC; HANESBRANDS, INC. LONG TERM DISABILITY PLAN; HANESBRANDS, INC. EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE; <br><br> and CERIDIAN CORPORATION, <br><br> Defendants. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss Plaintiff's Claim Under ERISA § 502(a)(3)" (Document No. 9) and "Memorandum Of Law In Support Of Defendants' Motion..." (Document No. 10), filed December 21, 2007; "Plaintiffs' Response To Defendants' Motion to Dismiss..." (Document No. 15), filed January 7, 2008; the parties' "Joint Stipulation" (Document No. 19), filed January 23, 2008; and Defendants' "Reply To Plaintiffs' Response To Defendants' Motion To Dismiss" (Document No. 20), filed January 23, 2008. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the motion without prejudice.

Defendants' motion to dismiss seeks dismissal of one of Plaintiffs' claims. Defendants contend that because Plaintiffs' claim under 29 U.S.C. § 1132(a)(1) (ERISA § 502(a)(1)) provides an adequate remedy, their claim for benefits under 29 U.S.C. § 1132(a)(3) (ERISA § 502(a)(3)) is "neither appropriate nor cognizable." (Document No. 9 at 2).

The parties' "Joint Stipulation" (Document No. 19) reports that Plaintiffs agree that the long term disability ("LTD") benefit claim "is properly asserted under ERISA § 502(a)(1) and Plaintiffs do not seek to duplicate or enlarge recovery under the LTD benefit claim by way of ERISA § 502(a)(3)." (Document No. 19 at 2). Defendants acknowledge that if LTD benefits are reinstated, "Plaintiff's other employee benefit coverages that were terminated . . . will be reinstated . . . ." (Document No. 19 at 3).

The parties' "Joint Stipulation" further provides that it is "unnecessary for the Court to adjudicate Defendants' Motion at this juncture." (Document No. 19 at 3). Defendants' "Reply..." filed on the same date as the stipulation, affirms the parties' position that it is unnecessary for the Court to adjudicate the motion to dismiss at this stage of the litigation.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Dismiss Plaintiff's Claim Under ERISA § 502(a)(3)" (Document No. 9) is **DENIED WITHOUT PREJUDICE**.

Signed: March 3, 2008

David C. Keesler
United States Magistrate Judge